UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIMARE HOMESTEAD, INC.
and DIMARE RUSKIN, INC,                                              Case No. 09-cv-6644 (PKC)

                              Plaintiffs,                      **COMPLAINT**

              - against -

THE ALPHAS COMPANY OF NEW YORK, INC., PETER
ALPHAS and YANNI ALPHAS a/k/a JOHN ALPHAS,

                        Defendants.
------------------------------------------------------------------------X

       DiMare Homestead, Inc. and DiMare Ruskin, Inc. ("Plaintiffs"), as and for their complaint against The Alphas Company of New York, Inc., Peter Alphas and Yanni Alphas a/k/a John Alphas ("Defendants"), allege as follows:

### JURISDICTION AND VENUE

       1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (the "PACA") and 28 U.S.C. § 1331.

       2.      Venue in this district is based on 28 U.S.C. § 1391 in that (a) Plaintiffs' claims arose in this district and (b) Defendants' principal place of business is in this district.

### PARTIES

       3.      Plaintiff DiMare Homstead, Inc. ("Homestead") is a Florida profit corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce. At all times pertinent herein, Homestead was licensed as a dealer under the provisions of PACA.

       4.      Plaintiff DiMare Ruskin, Inc. ("Ruskin") is a Florida profit corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. At all times pertinent herein, Ruskin was licensed as a dealer under the provisions of PACA.

5. Defendant, The Alphas Company of New York, Inc. ("Alphas Company"), is a New York corporation with its principal place of business in Bronx, New York, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

6. Defendants, Peter and John a/k/a Yanni Alphas, upon information and belief, were and are the officers and directors of Alphas Company and/or were and are otherwise in positions of control over the PACA trust assets belonging to Plaintiffs.

## GENERAL ALLEGATIONS

7. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

8. Plaintiffs sold and delivered to Defendants, in interstate commerce, the aggregate amount of $164,159.00 worth of wholesale quantities of produce as follows:

| | |
|---|---|
| DiMare Homsetead, Inc. | $134,310.30 |
| DiMare Ruskin, Inc. | $29,848.70 |

9. Defendants have failed to pay for the produce when payment was due, despite repeated demands, and presently owe Plaintiffs the aggregate amount of $164,159.00.

10. At the time of receipt of the produce, Plaintiffs became beneficiaries of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

11. Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $164,159.00 by sending invoices to Defendants containing the language required by 7 U.S.C. § 499e(c)(4) and remain beneficiaries until full payment is made for the produce.

12. Defendants have not disputed the debt in any way and have indicated their inability to make payment to Plaintiffs.

13. Defendants' failure, inability and refusal to pay Plaintiffs show that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

Count 1
(Failure to Pay Trust Funds)

14. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. The failure of Defendants to make payment to Plaintiffs of trust funds in the aggregate amount of $164,159.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

Count 2
(Failure to Pay For Goods Sold)

16. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Defendants failed and refused to pay Plaintiffs the aggregate amount of $164,159.00 owed to plaintiffs for produce received by Defendants from Plaintiffs.

Count 3
(Unlawful Dissipation of Trust Assets by
a Corporate Officer – Peter Alphas)

18. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 17 above as if fully set forth herein.

19. Defendant, Peter Alphas, was an officer and director of Alphas Company and/or otherwise in a position to control the PACA trust assets belonging to Plaintiffs during the time period in question.

20. Defendant, Peter Alphas, failed to direct Alphas Company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

21. Defendant Peter Alphas' failure to direct Alphas Company to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

22. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

Count 4
(Unlawful Dissipation of Trust Assets by
a Corporate Officer – John Alphas a/k/a Yanni Alphas)

23. Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 22 above as if fully set forth herein.

24. Defendant, John Alphas a/k/a Yanni Alphas, was an officer and director of Alphas Company and/or otherwise in a position to control the PACA trust assets belonging to Plaintiffs during the time period in question.

25. Defendant, John Alphas a/k/a Yanni Alphas, failed to direct Alphas Company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

26.     Defendant John Alphas a/k/a Yanni Alphas' failure to direct Alphas Company to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

27.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

Count 5
(Interest and Attorney's Fees)

28.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

29.     As a result of Defendants' failure to make full payment promptly of the aggregate amount of $164,159.00, Plaintiffs have lost the use of said money.

30.     As a further result of Defendants' failure to make full payment promptly of the aggregate amount of $164,159.00, Plaintiffs have been required to pay attorneys' fees and costs in order to bring and prosecute this action to require Defendants to comply with their statutory duties.

31.     PACA and the invoices of Plaintiffs entitle Plaintiffs to recover prejudgment interest at the rate of 18% per annum and attorneys' fees incurred to collect any balance due from Defendants.

**WHEREFORE**, Plaintiffs demand the following relief:

(a)     An order enforcing payment from the trust by requiring immediate payment of the aggregate amount of $164,159.00 to Plaintiffs;

(b)     Judgment against each of the Defendants, jointly and severally, in the aggregate amount of $164,159.00 under the trust provisions of PACA;

  (c) Judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorneys' fees.

Dated: New York, New York
    July 24, 2009

          Law Offices of Bruce Levinson
          Attorneys for Plaintiffs


       By: /s/ Gregory Brown
          Gregory Brown (GB-1977)
          747 Third Avenue, Fourth Floor
          New York, New York 10017-2803
          (212) 750-9898