UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DIMARE HOMESTEAD, INC.
and DIMARE RUSKIN, INC,                                 Case No. 09-cv-6644 (PKC)

                    Plaintiffs,                    **ANSWER TO**
                                                      **COUNTERCLAIMS**

    - against -

THE ALPHAS COMPANY OF NEW YORK, INC., PETER
ALPHAS and YANNI ALPHAS a/k/a JOHN ALPHAS,

                    Defendants.
------------------------------------------------------------------------X

       DiMare Homestead, Inc. and DiMare Ruskin, Inc. ("Plaintiffs"), as and for their answer to the counterclaims of The Alphas Company of New York, Inc., Peter Alphas and Yanni Alphas a/k/a John Alphas ("Defendants"), state as follows:

       1.     Deny the allegations set forth in paragraphs 48, 49, 50, 53, 54, 55, 56, 58, 59, 60 and 61.

       2.     Deny the allegations set forth in paragraph 47 of the counterclaim except admit that Defendants entered into an oral agreement with Plaintiffs.

       3.     Lack information or belief sufficient to admit or deny the allegations set forth in paragraphs 51, 52 and 57.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

       4.     The counterclaim fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

       5.     Defendants' counterclaim is barred by the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.     Defendants' counterclaim is barred by the doctrine of "unclean hands."

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.     Defendants failed to mitigate the alleged damages, precluding them from any recovery in this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.     Defendants' claim is barred to the extent it failed to join in this action all necessary and indispensable parties without whom complete relief between the parties cannot be rendered, without the presence of which the Court may not fashion complete declaratory relief.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.     At all relevant times, plaintiffs were acting pursuant to statute.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.    At all relevant times, plaintiffs' conduct was authorized by the Court.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

11.    Defendants failed to account promptly to Plaintiffs pursuant to 7 C.F.R. 46.2(z).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.    Defendants discarded in excess of five percent of the produce it accepted from Plaintiffs.

13.    Defendants failed to document the discarding of more than five percent of the produce it accepted from Plaintiffs.

14.    Defendants failed to obtain authorization from any agricultural authority in connection with its discarding in excess of five percent of the produce it accepted from Plaintiffs.

15.    Defendants have violated 7 C.F.R. 46.22.

16. Plaintiffs are entitled to an inference that no greater than five percent of the produce accepted by Defendants from Plaintiffs was discarded.

17. Plaintiffs are entitled to an inference that no less than ninety-five percent of the produce accepted by Defendants from Plaintiffs was sold by Defendants at the prevailing market prices.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. Plaintiffs sold and delivered to Defendants, in interstate commerce, the aggregate amount of $164,159.00 worth of wholesale quantities of produce.

19. Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $164,159.00 by sending invoices to Defendants containing the language required by 7 U.S.C. § 499e(c)(4).

20. There is no time period set forth in 7 U.S.C. § 499e(c)(4) in which a party electing the invoice-method must provide notice that it is preserving the benefits of the PACA trust.

21. Plaintiffs have complied with all of their obligations under 7 U.S.C. § 499e(c)(4).

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

22. Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $164,159.00 by sending to Defendants written notice of their intent to preserve their respective interests in the PACA trust pursuant to 7 U.S.C. § 499e(c)(3).

23. 7 U.S.C. § 499e(c)(3) requires Plaintiffs to preserve their PACA trust rights within the time that full payment is due.

24. 499e(c)(3) provides that the date full payment is due is defined by the Secretary of the United States Department of Agriculture.

25. The Secretary of the United States Department of Agriculture has defined "full

payment promptly" at 7 C.F.R. 46.2(aa).

26. 7 C.F.R. 46.2(aa) does not specifically define full payment promptly for price-after-sale transactions.

27. 7 C.F.R. 46.2(aa)(10) provides that for transactions whose terms are not described in (aa)(1) through (aa)(9), prompt payment is required twenty (20) days from the date of the acceptance of the shipment.

28. Defendants accepted the produce from Plaintiffs when Defendants unloaded the tomatoes or failed to give notice of rejection of the produce to Plaintiffs. 7 C.F.R. 46.2(dd).

29. Accordingly, full prompt payment was due from Defendants to Plaintiffs twenty (20) days after acceptance pursuant to 7 C.F.R. 46.2(aa)(10).

30. Plaintiffs were required to preserve their respective PACA trust rights thirty (30) days after payment was due pursuant to 7 U.S.C. § 499e(c)(3).

31. Therefore, Plaintiffs had a total of fifty (50) days in which to preserve their respective PACA trust rights from the date of acceptance of the produce by Defendants.

32. Plaintiffs timely preserved their respective PACA trust rights in the aggregate amount of $164,159.00.

**WHEREFORE**, Plaintiffs request judgment against Defendants, jointly and severally, dismissing the counterclaim, together with court costs and reasonable attorneys' fees.

Dated: New York, New York
September 8, 2009

Law Offices of Bruce Levinson
Attorneys for Plaintiffs

By:  /s/ Gregory Brown
Gregory Brown (GB-1977)
747 Third Avenue, Fourth Floor
New York, New York 10017-2803
(212) 750-9898