USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-18-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIMARE HOMESTEAD, INC. AND
DIMARE RUSKIN, INC.,

                            Plaintiffs,          09 Civ. 6644 (PKC)

      -against-

                                        MEMORANDUM
                                        AND ORDER

THE ALPHAS COMPANY OF NEW YORK,
PETER ALPHAS AND YANNI ALPHAS a/k/a
JOHN ALPHAS,

                            Defendants.
-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiffs DiMare Homestead, Inc. and DiMare Ruskin, Inc. ("DiMare") move for an order directing defendants The Alphas Company of New York, Peter Alphas, and John "Yanni" Alphas (collectively "Alphas") to turn over assets in possession of defendants and third parties. Following a bench trial as to defendants' alleged failure to pay for tomatoes delivered and accepted in violation of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq. ("PACA"), the Court awarded plaintiffs judgment in the amount of $140,613.23. That judgment remains unsatisfied. Plaintiffs now move for a "turnover" order pursuant to Rule 69(a), Fed. R. Civ. P., and N.Y. CPLR §§ 5225 and 5233, directing defendants to remit possession of certain real property to plaintiffs to satisfy its judgment. Defendants oppose the motion. For the reasons stated below, plaintiffs' motion is denied.

### BACKGROUND

        The Court assumes familiarity with the facts of the case. On April 25, 2012, following a two-day bench trial, the Court entered judgment against the defendants. (Docket #

90.) On May 10, defendants filed a notice of appeal of the Court's judgment. (Docket # 95.) The Clerk of Court issued a writ of execution on May 11, which was served upon the defendants on May 14. (Docket # 96.) The defendants applied to the United States Court of Appeals for the Second Circuit for a stay of the writ of execution pending appeal. In an Order dated May 22, the Second Circuit stated that the motion "will be decided by a motions panel in due course" and denied the defendants' request for an interim stay. (Brown Aff. Ex. D.) Plaintiffs' judgment remains unsatisfied.

On May 31, plaintiffs filed this motion under Rule 69, Fed. R. Civ. P., seeking an order directing the defendants to turn over possession of real property to satisfy the Court's judgment. (Docket # 97.) Specifically, plaintiffs seek a turnover order under sections 5225 and 5233 of the N.Y. CPLR against defendants' possession and interest in three produce stalls located at the Hunts Point Terminal Market. Plaintiffs' counsel states upon information and belief that the stalls are defendants' "only asset" with sufficient value to satisfy its judgment. (Brown Aff. ¶¶ 8–9.) Defendants filed an opposition to plaintiffs' motion on June 18, claiming that the "shares and Proprietary Lease" pertaining to the three stalls are in possession and control of Buyer's Edge, Limited ("Buyer's Edge"), a secured creditor of defendants. (Defs.' Mem. at 2; Lowen Aff. ¶¶ 5–6.) Accordingly, defendants argue that CPLR § 5225 requires plaintiffs to commence a separate action by way of a special proceeding against Buyer's Edge.

In its Reply Affidavit, plaintiffs' counsel alleges additional facts contrary to those alleged in its initial motion and in defense counsel's affidavit. (Docket # 103.) Plaintiffs' counsel attests that after filing this motion, he was informed that ownership of the stalls belonged not to defendants but to Eric Vinik, a judgment creditor of defendants. (Reply Aff. ¶¶ 3, 4.) Vinik had previously commenced an action against defendants in 2011 to recover funds due

under a promissory note; defendants personally guaranteed the note and posted as collateral their interest in the stalls at Hunts Point. (Id. ¶ 9.) Defendants defaulted on their payments under the note, and Vinik subsequently obtained a $250,265.00 judgment against defendants on January 5, 2012. (Id. ¶ 10 & Ex. C.) According to plaintiffs' counsel, Vinik and defendants entered into an agreement obligating defendants to pay the full amount of his judgment over twenty months. (Id. ¶¶ 7–8.) Vinik retains ownership and possession of the stock and lease appurtenant to the stalls pending defendants' full payment of that judgment. (Id. ¶¶ 8, 9.) Plaintiffs' counsel claims that although Vinik "acknowledges that the stock and lease must be turned over to plaintiffs in the event defendants satisfy their debt to Vinik," the stalls will not be sold or auctioned off "so long as defendants continue to satisfy their payment obligations to Vinik." (Id. ¶ 8.)

Based on the foregoing, plaintiffs move the Court for an order directing the stock and lease in the defendants' stalls "be immediately turned over" to plaintiffs under N.Y. CPLR § 5225(b), arguing that plaintiffs "should not be forced to wait twenty months to see if defendants comply with the terms of their agreement with Vinik." (Id. ¶¶ 18, 8.) Plaintiffs propose that if granted turnover, Vinik "can be paid out of the proceeds of the sale of the stalls pursuant to N.Y. CPLR § 5234 if he so chooses." (Id. ¶ 18.)

## DISCUSSION

Rule 69(a)(1) provides that a money judgment is enforced by a writ of execution and that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

N.Y. CPLR § 5225(b) authorizes a judgment creditor to commence a "special proceeding" against a third party to compel the turnover of assets belonging to a judgment debtor

3

to satisfy a judgment. Id.; see Koehler v. Bank of Bermuda, Ltd., 12 N.Y.3d 533, 537 (2009). The Second Circuit has articulated a two-step analysis to determine whether property in possession of a third party should be turned over to a judgment creditor under N.Y. CPLR § 5225(b). Beauvais v. Allegiance Sec., Inc., 942 F.2d 838, 840–41 (2d Cir. 1991). First, plaintiffs must show that "the judgment debtor 'has an interest' in the property." Id. (quoting N.Y. CPLR § 5225(b)). Second, plaintiffs must show that the "'judgment debtor is entitled to the possession of such property,' or . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." Id. (quoting CPLR § 5225(b)). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor." Id. "In a special proceeding under New York C.P.L.R. § 5225(b), applicable in the District Court via Fed. R. Civ. P. 69(a), a court may grant summary relief where there are no questions of fact, but 'it must conduct a trial on disputed issues of fact on adverse claims in a turnover matter . . . .'" HBE Leasing Corp. v. Frank, 48 F.3d 623, 633 (2d Cir. 1995) (quoting Gen. Motors Acceptance Corp. v. Norstar Bank of Hudson Valley, 156 A.D.2d 876, 877 (3d Dep't 1989)).

  Plaintiffs here seek to enforce their judgment against defendants by way of a Rule 69 motion in this Court, choosing not to commence a special proceeding as contemplated by N.Y. CPLR § 5225(b). Defendants oppose plaintiffs' motion, claiming that defendants "do[] not have the right, authority or power to convey the shares or proprietary lease" in the stalls and that plaintiffs must therefore commence a special proceeding against Buyer's Edge, which defendants claim retains possession and control of defendants' interest in the stalls. (Defs' Mem. at 2.)

  The Court declines to exercise supplemental jurisdiction over plaintiffs' application. Disputed issues of material fact exist regarding the interest of both parties and non-

4

parties in the property sought to be turned over. Defendants claim that Buyer's Edge, not defendants, holds possession and control of the stalls. Plaintiffs' counsel alleges in its Reply Affidavit that defendants' interest in the stalls belongs not to defendants but to Vinik, a judgment creditor neither named nor served in this action. Counsel for both parties has thus identified non-parties to this action who potentially have an interest in the property at issue. Plaintiffs' present motion raises contested issues of material fact as well as potentially complex issues of New York State debtor-creditor law involving multiple unnamed parties. "Even though Rule 69 allows turnover orders to be entered on motions," the Court concludes that the issues raised herein are more properly addressed in a special proceeding in New York Supreme Court. Saregama India, Ltd. v. Mosley, 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012); Flame S.A. v. Primera Mar. (Hellas) Ltd., 2010 WL 481075, at *3–4 (S.D.N.Y. Feb. 2, 2010) (denying motion for turnover order where there were "factual issues" regarding validity of judgment and where motion did "not name even a single garnishee that is in possession or custody of money or other personal property" in which plaintiff had an interest).

## CONCLUSION

Fore the foregoing reasons, plaintiffs' motion for a turnover order (Docket # 97) is DENIED without prejudice to any available state court remedies.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 18, 2012